In the Matter of RAYMOND C. CRAFT, Respondent, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Fourth Department, April 8, 1959.

Louis J. Lefkowitz, Attorney-General (George F. Harris and Paxton Blair of counsel), for appellant.

Donald E. Robinson for respondent.

Per Curiam. The Commissioner of Motor Vehicles appeals from an order annulling his determination revoking petitioner's operator's license and directing its restoration. On April 3, 1957 the appellant had before him documentary evidence in the form of certificates of conviction that petitioner had been three times convicted of a speeding violation within a period of 18 months. Each of the three certificates executed by the appropriate Magistrate contained affirmative proof that upon the arraignment there had been due compliance with section 335-a of the Code of Criminal Procedure. Upon this proof the commissioner was mandated by statute to revoke petitioner's license and the latter was not entitled to a hearing. (Vehicle and Traffic Law, § 71, subd. 2; Matter of Drasin v. Kelly, 6 A D 2d 453, 455.)

It is alleged in the petition that at the time the pleas of guilty were entered to two of the speeding charges there was no compliance with section 335-a. It appears that one of these violations took place on the State Thruway on October 3, 1956 and the plea was entered before a Justice of the Peace in the Town of Manchester. The second violation occurred in the Village of Cohocton on January 28, 1957 and the plea was entered before the Police Justice of that village. Attached to the petition was a certified copy of the Thruway conviction in the Town of Manchester which was identical in all respects with the one before the commissioner except that it contained no affirmative statement that there had been a compliance with section 335-a at the time of the arraignment. An affidavit of an

attorney was also attached to the petition which stated that the lawyer had interviewed the Justice of the Peace who presided at the proceeding in the Town of Manchester. In substance the Justice was quoted as saying that it was unnecessary to give the statutory instruction because petitioner had been given a printed summons on the Thruway by a State Trooper.

When this proceeding came on before Special Term no hearing was held. In place thereof the court adopted the unorthodox procedure of requesting the Assistant Attorney-General to telephone the Justice in the Town of Manchester and inquire if the latter "had orally given the warning contained in section 335-a of the Code of Criminal Procedure to the petitioner." This was done and the court was informed that the Justice had stated that no oral warning was given. Thereupon the order appealed from was made annulling the determination and directing the return of petitioner's license.

In a matter of this importance this abbreviated form of reaching a decision is not approved. Issues of fact were raised by the petition and return that required a formal hearing at which both parties could have presented their proof. Upon the present record no determination had been made of petitioner's claim that the statutory warning was not given when he entered a plea of guilty to the other violation in the Village of Cohocton. However, the conclusion that the order appealed from should be reversed and the proceeding remanded is based on a broader ground.

We start with the concession in the commissioner's brief that as to the Town of Manchester conviction the Justice did not advise petitioner in accordance with section 335-a of the Code of Criminal Procedure. This section has had a long and somewhat stormy history. It is now established that after July 1, 1953 "the magistrate came under the necessity of giving a simple uniform warning, in the language prescribed by the statute, in every case of motor vehicle violation, whether or not a revocation or suspension might be based upon it." (*Matter of Hubbell* v. *Macduff*, 2 N Y 2d 563, 567.) In 1954, however, the section was further amended by adding the provision that "The giving of the foregoing instructions by means of a statement printed in bold red type in a size equal to or at least twelve point type, upon a summons or ticket issued to a person charged with any such violation shall constitute compliance with the requirements of this section." (L. 1954, ch. 664.)

In the instant case the return of the commissioner shows that he had before him at the time he acted three certificates of conviction in each of which the Magistrate certified that upon

arraignment the required instruction had been given. It now appears that one of these certificates was incorrect in that the instruction had not been given in such manner. The papers submitted by petitioner disclose, however, that the instruction had not been given because petitioner had received a summons and the Magistrate considered the warning at arraignment unnecessary.

In this posture of the case a hearing was required. In the light of the facts here presented the commissioner should not be estopped from submitting evidence upon a hearing to prove that there had been full compliance with section 335-a by means of a statement printed on a summons issued to petitioner. (Cf. *Matter of Scalia* v. *Kelly,* 2 Misc 2d 282, 283–285.) Of course, upon such a hearing petitioner would have the right to submit his proof upon the subject and any evidence concerning his challenge to the conviction in the Village of Cohocton.

The order appealed from should be reversed and the matter remanded for further proceedings in accordance with this opinion.

All concur. Present— McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Order reversed, without costs of this appeal to either party, and matter remitted to the Special Term for further proceedings in accordance with the opinion.